

# United States Department of Justice

United States Attorney
Southern District of West Virginia

Robert C. Byrd Federal Building
110 North Heber Street
Room 261
Beckley, WV 25801

304-253-6722
FAX: 304-253-9206



May 2, 2023

Timothy P. Lupardus, Esquire
P.O. Box 1680
Pineville, WV 24874

Re: United States v. Myron Dwayne Brown
Criminal No. 1:23-cr-00035 (USDC SDWV)

Dear Mr. Lupardus:

This will confirm our conversations with regard to your client, Myron Dwayne Brown (hereinafter "Mr. Brown"). As a result of these conversations, it is agreed by and between the United States and Mr. Brown as follows:

1. **PENDING CHARGES.** Mr. Brown is charged in three counts of a three-count indictment as follows:

    a) Count One charges Mr. Brown with a violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (aiding and abetting distribution of butonitazene);

    b) Count Two charges Mr. Brown with a violation of 21 U.S.C. § 841(a)(1) (distribution of fentanyl); and

    c) Count Three charges Mr. Brown with a violation of 21 U.S.C. § 841(a)(1) (distribution of fentanyl).

2. **RESOLUTION OF CHARGES.** Mr. Brown will plead guilty to Count Two of said Indictment, which charges him with a violation of 21 U.S.C. § 841(a)(1). Following final disposition, the United States will move to dismiss Counts One and Three of the Indictment in Criminal No. 5:23-cr-00013.

*MB*
Defendant's Initials

3. **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Mr. Brown will be exposed by virtue of this guilty plea is as follows:

    (a) Imprisonment for a period of up to 20 years;

    (b) A fine of $1 million, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

    (c) A term of supervised release of at least 3 years;

    (d) A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013;

    (e) Pursuant to 21 U.S.C. § 862(a)(1), the Court may deny certain federal benefits to Mr. Brown for a period of up to 5 years; and

    (f) Restitution as may be ordered by the Court pursuant to 18 U.S.C. §§ 3663 and 3664.

4. **SPECIAL ASSESSMENT.** Mr. Brown has submitted certified financial statements to the United States reflecting that he is without sufficient funds to pay the special assessment due upon conviction in this case. Mr. Brown agrees that, if incarcerated, he will join the Inmate Financial Responsibility Program, earnings from which will be applied toward payment of the special assessment.

5. **PAYMENT OF MONETARY PENALTIES.** Mr. Brown authorizes the Financial Litigation Program in the United States Attorney's Office to obtain a credit report from any major credit reporting agency prior to sentencing in order to assess his financial condition for sentencing purposes. Mr. Brown agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately,


Defendant's Initials

Mr. Brown further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

Mr. Brown authorizes the United States, through the Financial Litigation Program, to submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or history at that time.

In addition to any payment ordered by the Court, Mr. Brown shall pay all monies received from any source other than earned income, including but not limited to, lottery winnings, gambling proceeds, judgments, inheritances, and tax refunds, toward the court ordered restitution or fine.

Mr. Brown agrees that if he retains counsel or has appointed counsel in response to the United States' efforts to collect any monetary penalty, he shall immediately notify the United States Attorney's Office, Attention: Financial Litigation Program, 300 Virginia Street, East, Room 4000, Charleston, West Virginia 25301, in writing and shall instruct his attorney to notify FLP immediately of his representation.

6.      **COOPERATION.** Mr. Brown will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Mr. Brown may have counsel present except when appearing before a grand jury.

7.      **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Mr. Brown, and except as expressly provided for in paragraph 9 below, nothing contained in any statement or testimony provided by him pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range

_____MB_____
Defendant's Initials

under the Federal Sentencing Guidelines.

8. **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Brown for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Brown for perjury or false statement if such a situation should occur pursuant to this agreement.

9. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Brown stipulate and agree that the facts comprising the offense of conviction and the relevant conduct for that offense include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit A."

Mr. Brown agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by him, and he is subsequently tried for his conduct alleged in the indictment, as more specifically described in the Stipulation of Facts, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Mr. Brown or of any of her witnesses, or in rebuttal of any testimony introduced by him or on his behalf. Mr. Brown knowingly and voluntarily waives, see United States v. Mezzanatto, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

The United States and Mr. Brown understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

_MB_
Defendant's Initials

10. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Mr. Brown knowingly and voluntarily waives his right to seek appellate review of his conviction and of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742(a), except that the defendant may appeal any sentence that exceeds the maximum penalty prescribed by statute. Mr. Brown also knowingly and voluntarily waives any right to seek appellate review of any claim or argument that (1) the statute of conviction, 21 U.S.C. § 841(a)(1) is unconstitutional, and (2) Mr. Brown's conduct set forth in the Stipulation of Facts (Plea Agreement Exhibit A) does not fall within the scope of the statutes of conviction, 21 U.S.C. § 841(a)(1).

The United States also agrees to waive its right to appeal any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever, including any ground set forth in 18 U.S.C. § 3742(b), except that the United States may appeal any sentence that is below the minimum penalty, if any, prescribed by statute.

Mr. Brown also knowingly and voluntarily waives the right to challenge his guilty plea and conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

11. **WAIVER OF FOIA AND PRIVACY RIGHT.** Mr. Brown knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of

_MB_
Defendant's Initials

Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

12. **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

(a) Inform the Probation Office and the Court of all relevant facts and conduct;

(b) Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

(c) Respond to questions raised by the Court;

(d) Correct inaccuracies or inadequacies in the presentence report;

(e) Respond to statements made to the Court by or on behalf of Mr. Brown;

(f) Advise the Court concerning the nature and extent of Mr. Brown's cooperation; and

(g) Address the Court regarding the issue of Mr. Brown's acceptance of responsibility.

13. **VOIDING OF AGREEMENT.** If either the United States or Mr. Brown violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

14. **ENTIRETY OF AGREEMENT.** This written agreement constitutes the entire agreement between the United States and Mr. Brown in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Brown in any Court other than the United States District Court for the Southern District of West Virginia.


Defendant's Initials

Acknowledged and agreed to on behalf of the United States:

> WILLIAM S. THOMPSON
> United States Attorney
>
> By: *[signature]*
> ANDREW D. ISABELL
> Assistant United States Attorney

ADI/jeh

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this 7-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____   07-06-2023
Myron Dwayne Brown              Date Signed
Defendant

_____   7-6-2023
Timothy P. Lupardus, Esquire    Date Signed
Counsel for Defendant

                                    MB
                                _____
                                 Defendant's
                                   Initials

UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF WEST VIRGINIA
                              BECKLEY


**UNITED STATES OF AMERICA**


v.                                      CRIMINAL NO. 1:23-cr-00035


**MYRON DWAYNE BROWN**


                         **STIPULATION OF FACTS**

   The United States and MYRON DWAYNE BROWN (hereinafter "defendant," "I," "me," and "my") stipulate and agree that the facts comprising the offense of conviction (Count Two of the Indictment in the Southern District of West Virginia, Criminal No. 1:23-cr-00035), and the relevant conduct, include the following:

   On February 22, 2022, I sold a substance containing fentanyl to a person I now know was a confidential informant ("CI") working with the Southern Regional Drug and Violent Crime Task Force. I met the CI at the residence of Terry Headen in Havaco, McDowell County, West Virginia, within the Southern District of West Virginia. The substance purchased by the CI during the controlled buy was tested by the West Virginia State Police Laboratory and confirmed to contain fentanyl. I know that fentanyl is a controlled substance, and that what I was doing was against the law.

   On December 29, 2021, I met with the same CI at the same residence in Havaco, McDowell County, West Virginia. During that meeting I, aided and abetted by another, sold the CI a controlled substance. The substance I sold the CI on December 29, 2021, was tested by the West Virginia State Police Laboratory and confirmed to contain butonitazine, a federal Schedule I controlled substance.

   On February 28, 2022, at the same residence in Havaco, McDowell County, West Virginia, I again sold the CI a controlled substance. The substance I sold the CI on February 28, 2022, was tested by the West Virginia State Police Laboratory, and confirmed to contain fentanyl, a Schedule II controlled substance.

I agree that butonitazene is a Schedule I controlled substance, that fentanyl is a Schedule II controlled substance, and that all of these events took place in McDowell County, West Virginia, which is within the Southern District of West Virginia.

This Stipulation of Facts does not contain each and every fact known to me and to the United States concerning my involvement and the involvement of others in the charge set forth in the Indictment.

Stipulated and agreed to:

_____   07-06-2023
MYRON DWAYNE BROWN                Date
Defendant

_____   7-6-2023
TIMOTHY P. LUPARDUS               Date
Counsel for Defendant

_____   7/10/2023
ANDREW D. ISABELL                 Date
Assistant United States Attorney

**PLEA AGREEMENT EXHIBIT A**